COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis and Overton
Argued at Norfolk, Virginia


PAMELA FLOOD
                                       MEMORANDUM OPINION[*] BY
v.         Record No. 0588-95-1    JUDGE JERE M. H. WILLIS, JR.
                                          JUNE 11, 1996
EASTERN STATE HOSPITAL


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           Gregory E. Camden (Rutter & Montagna, on
           brief), for appellant.

           A. Ann Berkebile, Assistant Attorney General
           (James S. Gilmore, III, Attorney General;
           Catherine C. Hammond, Deputy Attorney
           General; Gregory E. Lucyk, Senior Assistant
           Attorney General, on brief), for appellee.


     Citing the requirement of Code § 65.2-406(A)(5) that "a

diagnosis of [a compensable] disease [must] first [be]

communicated to the employee," and holding that the opinion of

Mr. Huppert, a licensed clinical social worker, was insufficient

to satisfy this requirement, the commission ruled that the

claimant produced no proof of "a proper diagnosis and

communication" and thus failed to prove a compensable

occupational disease.  The commission erred in thus holding.

     A clinical social worker
           is professionally qualified at the autonomous
           practice level to provide direct diagnostic,
           preventive and treatment services where
           functioning is threatened or affected by
           social and psychological stress or health
           impairment.

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Code § 54.1-3700.  Thus, Mr. Huppert was not disqualified as a matter of law from providing an acceptable diagnosis and communication of acute anxiety reaction.

The decision of the commission is reversed and this case is remanded to the commission with direction to receive and consider the opinion of Mr. Huppert, according to accepted standards of factual review, and to ascertain the sufficiency of that opinion to satisfy the requirements of Code § 65.2-406.

Reversed and remanded.